IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RODERICK W. GILBRIDE,**

   **Plaintiff,**

**vs.**                                                           **CASE NO. 1:08CV48-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

   **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.    PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on November 10, 2004, alleging a disability onset date of January 1, 2004, because of back pain and depression. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on January 25, 2007, and entered an unfavorable decision on May 25, 2007.

The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.   FINDINGS OF THE ALJ**

The ALJ found that the Plaintiff had a number of severe impairments: osteoarthritis of the cervical spine, lumbar spine, and hips; a left ankle fracture; and polysubstance abuse. (R. 68). However, the ALJ found that Plaintiff had no medically determinable mental impairment and that his hearing loss and Hepatitis C were not severe. (R. 68). The ALJ considered Plaintiff's cervical and lumbar conditions in the context of Listing 1.04(A), but examinations and testing did not show any appreciable loss of strength or sensory loss and the listing requires these findings. (R. 72). X-rays taken in 2005 show only mild degenerative changes in the cervical and lumbar areas, with some worsening by MRI in 2007 which revealed a tear in the L4-L5 disc with some protrusion and mild nerve compression. (R. 72). Plaintiff's DLI is December 31, 2006. (R. 65). Plaintiff's left ankle healed nicely from a fracture received in December 2006, and the ALJ placed great weight upon the functional assessment of the state agency physician who found Plaintiff capable of a full range of light work with some restrictions. (R. 72). These restrictions (postural and environmental) are usually not required in light and sedentary work (from very little to one-third of the time), so they are not expected to significantly limit Plaintiff from work at these levels. (R. 74). Using the Medical-Vocational Guidelines, Plaintiff is not disabled.

**No. 1:08CV48-MP/AK**

C.  **ISSUES PRESENTED**

Plaintiff argues that he meets the requirements of Listing 1.04(A) and the ALJ erred in not calling a vocational expert.

The government responds that Listing 1.04(A) requires sensory motor loss or reflex or sensory deficits in addition to nerve root compression and positive straight leg raising test.  Both Dr. Greenberg and Dr. Chodosh found no sensory or motor loss and normal sensation and reflex.  Further, the ALJ properly considered Plaintiff's allegations of pain by limiting him to non-skilled light work, which pursuant to SS regulations does not usually require more than occasional crouching, kneeling, crawling and climbing such that these postural limitations would not significantly narrow the occupational base.

D.  **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703

**No. 1:08CV48-MP/AK**

F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

**No. 1:08CV48-MP/AK**

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

**No. 1:08CV48-MP/AK**

Plaintiff injured his back at work in February 2000, and an MRI at that time showed disc herniation at L-4 and L-5 with mild nerve compression. (R. 220-223). He was treated conservatively with epidural injections and by October 2000, he was given a total body impairment rating of 6%. (R. 237).

Consultative examinations in 2005 were slightly conflicting in that Dr. Chodosh found no physical sign of impairment, normal motor function, strength, and sensation, and noted that he watched Plaintiff leave the building, walk across the parking lot and get into a van without difficulty. (R. 270-276). X-rays taken in conjunction with this examination show mild degenerative changes. (R. 264).

Dr. Greenberg conducted a consultative examination at the same time, but he found severe osteoarthritis with decreased range of motion in the neck, back and hips, and decreased sensation in two fingers. (R. 262-266).

Dr. Nazario performed a mental health examination and found no mental impairment. (R. 258-261). Of importance, particularly as it pertains to Plaintiff's credibility, is that he denied current alcohol abuse to Dr. Nazario stating that it was a problem "years and years ago." However, Dr. Nazario suspected chronic alcoholism and indeed Plaintiff was hospitalized a few months later with acute intoxication (R. 299) and was "well known to [the ER staff] with a [history] of alcohol abuse and cocaine use." (R. 317). His broken ankle was the result of an altercation involving drugs and alcohol (R. 316), and he was admitted to Meridian Behavioral Healthcare in April 2005 for detoxification from alcohol. (R. 343-366). Even during his repeated treatment at

Meridian (4/12/05; 5/26/05; 11/06/06/;11/17/06; 12/11/06) he denied a problem and left AMA.

F.     **SUMMARY OF THE ADMINISTRATIVE HEARING (held January 25, 2007)**

Plaintiff appeared with counsel at the hearing and stated that he was 51 years old with a 12th grade education. (R. 447). His primary complaint is his back pain which radiates into his leg through to his foot and causes numbness in his hands. (R. 447-448). He is scheduled for another MRI and is on Oxycodone. (R. 448). His back condition prevents him from working which causes him emotional problems. (R. 449). He is "constantly going in and out of Meridian Behavioral Center" for his emotional problems, which he admits, upon further questioning, is for alcohol treatment. (R. 449). He lives with his mother and has custody of his two small children, but his mother does most of the household chores. (R. 450-451). He reports significant pain throughout the day which limits him to picking up a plastic bag of groceries, standing no more than 15 to 30 minutes, walking no more than 25 to 30 minutes, and sitting 30 to 45 minutes before he needs to get up and move around. (R. 453). He has recently been diagnosed with liver disease, Hepatitis C, as well. (R. 455).

G.     **DISCUSSION**

    a)     Listing 1.04(A)

**No. 1:08CV48-MP/AK**

Plaintiff argues that he meets the listing for spine disorders in that it is shown on MRI that he has disc herniation with nerve root compression and positive straight leg raising upon examination. The listing at issue provides:

> 1.04 Disorders of the Spine (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord,
> **With**:
> A. Evidence of nerve root compression **characterized** by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) **accompanied by** sensory or reflex loss **and**, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) (emphasis supplied)

As the listing specifically states, the tests must show not only disc herniation with nerve root compression, but this finding must be "characterized" by motor loss and sensory loss, and if there are lower back problems as well, there must also be positive straight leg raising. The MRI in 2000 and 2005 show mild degenerative changes and mild nerve root compression, but Dr. Chodosh found no motor or sensory loss with normal strength in both hands, including grip and dexterity sufficient to put a screw top back on a medicine bottle, and normal sensation to both soft touch and pin prick. (R. 272). Dr. Greenberg found decreased sensation over the left fourth and fifth fingers and decreased strength in both legs, but no other motor or neurological deficits.

The ALJ found that Plaintiff's impairments did not meet the listing requirements because there was only a 4/5 to 5/5 motor strength deficit and no sensory or reflex loss in his lower extremities. (R. 69). He also found no evidence that Plaintiff had either

**No. 1:08CV48-MP/AK**

spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication which would be required for Listing 1.04 (B) or (C).

While there seems to be some slight disagreement between the findings of strength and sensory loss between Drs. Chodosh and Greenberg, which is not addressed expressly by the ALJ, these are two one-time consultative examiners, and as such are not entitled to the weight a treating source would be accorded. See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986) (noting that rule giving great weight to physician's opinion does not apply where physician has only examined patient one time).  The ALJ found it persuasive that Dr. Chodosh (and Dr. Nazario, as well) noted no difficulties in Plaintiff's walking abilities (R. 70) and apparently was persuaded by these observations and the corroborating non-examining physician's assessment, Dr. Attlesey (R. 211-219), that Plaintiff did not meet the listing requirements and could perform light work with restrictions.

This court is limited on review to determining whether the ALJ had substantial evidence to support his findings.  Where the evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the conclusions reached by the Administration.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Under these standards, the undersigned finds that there is substantial support for the ALJ's finding that Plaintiff did not meet the requirements of Listing 1.04(A), and this Court will not disturb this finding.

    b)    Vocational Expert

**No. 1:08CV48-MP/AK**

Plaintiff contends that it was error to use the grids when Plaintiff clearly has nonexertional impairments such as pain and limited use of his back and hips precluding him from a full range of light work.

At step five the Commissioner may in certain cases rely upon the grids to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work. The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995). "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990). The term "significantly limit basic work skills" means that the limitations "prohibit a claimant from performing 'a *wide* range' of work at a given work level." Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004). Nonexertional limitations affect a person's ability to meet the other demands of work and include mental limitations, pain limitations, and all

**No. 1:08CV48-MP/AK**

physical limitations that are not included in the seven strength demands.  Id., at 1242, n.11.

The ALJ found that Plaintiff's allegations of pain were not entirely credible, but that his impairments were sufficiently limiting as to preclude more than occasional crouching, crawling, kneeling, stooping, and bending, but that these limitations were not usually required in jobs of a light or sedentary level pursuant to Social Security Regulation 83-14.  Thus, under the definition above, the limitations would not "significantly limit" him from performing a "wide range" of work at a given level and therefore would not constitute a nonexertional impairment.  His findings are supported by the reports of Dr. Chodosh, Dr. Nazario, the MRI tests, and the functional assessment of Dr. Attlesey, and in the opinion of the undersigned this evidence constitutes substantial evidence within the meaning of the law and regulations cited *supra*.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 13th day of August, 2009.


s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:08CV48-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:08CV48-MP/AK**