IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RODERICK W GILBRIDE,

    Plaintiff,

v.                                       CASE NO. 1:08-cv-00048-MP-GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 48, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). The Commissioner has filed a response, Doc. 50, indicating that it does not oppose the request,[1] but requesting that the smaller of the EAJA fees or the instant fees be refunded to the Claimant. Although the amount is uncontested, the Court must still make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not exceeding 25 percent of past-due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement). The Court finds upon consideration of the factors cited with approval in Gisbrecht that the requested fee award is reasonable. The representation of Plaintiff in this case was not substandard, and the attorney for Plaintiff does not appear to have been responsible for any delays in

---

[1]The government points out that the amount retained by the Commissioner is $24,450.00 rather than the $24,520.25 requested by plaintiff.

this matter.  Moreover, counsel represented Plaintiff on a contingency fee basis for an extended period of time, obtaining past-due benefits in the amount of $99,837.00.  Under a loadstar cross-check, counsel's fee equals an hourly rate of approximately $770.00, which is not a windfall.  Thus, the Court will award the fees requested.

However, in order to prevent double recovery of attorneys' fees, an attorney who is awarded fees under both § 406(b) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, must refund to his or her client the lesser award.  Id., 535 U.S. at 796, 122 S. Ct. at 1822.  Previously, Plaintiff was awarded under the EAJA fees in the amount of $5,510.05, which is less than the amount requested in the instant motion.  Both counsel have therefore asked the Court to direct claimant's counsel to refund the EAJA award to Claimant upon receipt of the fees awarded by the instant order.

Accordingly, it is now **ORDERED** as follows:

1. The motion for attorneys' fees, Doc. 48, is GRANTED.  Pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney is awarded fees in the amount of $24,450.00.  Defendant is ordered to pay the fee from Plaintiff's past-due benefits being held by Defendant.

2. Mr. Bacharach is ordered to pay to Plaintiff  $5,510.05, which is equal to the amount of the EAJA fee previously awarded in this case.

**DONE AND ORDERED** this 12th day of December, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:96-cr-00020-MP-AK-4*